IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHANNON CANTWELL, | |
| Plaintiff, | |
| v. | Civil No. 23-3422 (RBK/AMD) |
| USAA GENERAL INDEMNITY COMPANY, | **OPINION** |
| Defendant. | |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court on Defendant USAA General Indemnity Company's ("USAA" or "Defendant") Motion to Dismiss Plaintiff's Amended Complaint (the "Motion" or "Mot."). (ECF No. 6). For the reasons set forth below, the Court **GRANTS** the Motion.

**I.   BACKGROUND**

   **A.   Factual Background**

According to Ms. Cantwell's Amended Complaint ("Am. Compl.") (ECF No. 4-1 at 5–13), this case arises out of a car accident that occurred shortly after noon on or about September 26, 2022, in Cinnaminson, New Jersey. (Am. Compl. ¶ 13). A vehicle driven by a person named Gerald F. Sutter allegedly struck the vehicle that Ms. Cantwell was driving. (*Id.* ¶¶ 14–15). Ms. Cantwell accuses Mr. Sutter of causing the accident through his negligence or carelessness, (*id.* ¶¶ 16–17), resulting in injuries to Ms. Cantwell including sinus inflammation, headaches, bruising on her finger, neck and back pain, emotional injuries, lost wages, and diminished earning capacity. (*Id.* ¶¶ 18, 21–24, 32–35).

1

Ms. Cantwell brings claims not against Mr. Sutter, however, but rather against USAA, with whom she had an auto insurance policy that included uninsured and underinsured motorist coverage. (*Id*. ¶¶ 27, 37). In Count I, Ms. Cantwell pleads that "[u]pon information and belief, [Mr. Sutter]'s automobile insurance carrier may assert that, at the time of the motor vehicle collision set forth above, the aforesaid defendant's vehicle was not covered by any policy of insurance issued by said carrier." (*Id*. ¶ 25).[1] Ms. Cantwell continues that "if it is found" that Mr. Sutter lacked insurance coverage, "then Plaintiff asserts an Uninsured Motorist Claim against Defendant." (*Id*. ¶ 26). In Count II, Ms. Cantwell pleads that "[u]pon information and belief, at the time of the aforementioned motor vehicle collision, [Mr. Sutter]'s motor vehicle insurance policy and/or liability insurance were insufficient to fully and adequately compensate Plaintiff" for her injuries. (*Id*. ¶ 36). Accordingly, Ms. Cantwell also brings a claim for underinsured motorist coverage benefits against USAA. (*Id*. ¶ 38).

B. **Procedural Background**

Plaintiff filed her original Complaint on June 23, 2023. (ECF No. 1). After the Court issued an Order on June 28, 2023, dismissing the Complaint for failing to assert the basis of the Court's subject matter jurisdiction (ECF No. 3), Plaintiff on July 3, 2023, filed a Motion to Vacate the Order and Obtain Leave to File an Amended Complaint (ECF No. 4).[2] The Court granted that Motion on July 5, 2023. (ECF No. 5). Defendant filed the present Motion to Dismiss on July 27, 2023, along with a supporting brief ("Def.'s Brief"). (ECF No. 6-1). Plaintiff opposed the Motion in a filing on August 9, 2023. (ECF No. 7).

---

[1] Although Plaintiff refers to Mr. Sutter as a "defendant" in this and other portions of her Amended Complaint, Mr. Sutter is not presently a party to the case.
[2] The Amended Complaint that is the subject of the present Motion was submitted by Plaintiff as an exhibit attached to her July 3, 2023, Motion. (ECF No. 4-1 at 5–13.)

Defendant argues that its Motion should be granted on three separate grounds: (1) failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) failure to join a party under Rule 19, pursuant to Federal Rule of Civil Procedure 12(b)(7); and should the Court grant relief under Rule 12(b)(7), (3) lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). (Def.'s Brief at 8–18).

## II.     LEGAL STANDARD

### A.     Rule 12(b)(6) Standard[3]

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which the court can grant relief. When evaluating a motion to dismiss under Rule 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As quoted by the Supreme Court in *Twombly*, *id*. at 555, "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3rd ed. 2004) (as also appears in 2023 updated edition).

---

[3] Because the Court grants the Motion based on Plaintiff's failure to state a claim under Rule 12(b)(6), the Court does not consider the alternative grounds for Plaintiff's Motion. The Court merely points out that the New Jersey Supreme Court has provided guidance in *Rutgers Cas. Ins. Co. v. Vassas*, 652 A.2d 162 (N.J. 1995), among other cases, as to how UIM claimants can protect the subrogation rights of insurers.

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "'[N]aked assertions devoid of further factual enhancement' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,'" do not suffice. *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 679).

**B.     Choice of Law**

A federal court sitting in a diversity case must "apply the substantive law of the state whose laws govern the action." *Kleinknecht v. Gettysburg Coll.*, 989 F.2d 1360, 1365 (3d Cir. 1993) (citations omitted). To determine which state's substantive law applies, a federal court exercising diversity jurisdiction will apply the conflict-of-law rules of the forum state. *Bayer Chems. Corp. v. Albermarle Corp.*, 171 F. App'x. 392, 398 (3d Cir. 2006) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). The New Jersey Supreme Court has held that:

> [I]n an action involving the interpretation of an automobile liability insurance contract, the law of the place of the contract will govern the determination of the rights and liabilities of the parties under the insurance policy. This rule is to be applied unless the dominant and significant relationship of another state to the parties and the underlying issue dictates that this basic rule should yield.

*State Farm Mut. Auto. Ins. Co. v. Simmons' Est.*, 417 A.2d 488, 493 (N.J. 1980).

**III.     DISCUSSION**

As a preliminary matter, the Court finds that New Jersey's substantive law applies to this dispute. The Plaintiff is a citizen and resident of New Jersey. (Am. Compl. ¶ 1). The accident occurred in New Jersey. (*Id*. ¶¶ 12–15). Defendant represents that Plaintiff had a New Jersey auto policy, (Def.'s Brief at 4–5; *id*., Ex. F), and cites to New Jersey law in support of its Motion. (*See generally* Def.'s Brief). Therefore, the place of contract is New Jersey, and neither the relationship of the parties to another state nor the underlying issue dictates that any other law should govern the determination of the rights and liabilities of the parties. *See State Farm*, 417 A.2d at 493.

We now turn to Plaintiff's claims against Defendant for (1) uninsured motorist coverage benefits and (2) underinsured motorist coverage benefits.

**A.     Uninsured Motorist Coverage Claim**

To analyze Plaintiff's claim for uninsured motorist benefits, the Court will address each of the three steps laid out by the Third Circuit in *Santiago*, 629 F.3d 121. We begin by identifying the elements required to state such a claim.

New Jersey's uninsured motorist ("UM") statute limits UM coverage to "damages . . . because of bodily injury, sickness or disease, including death resulting therefrom, sustained by the insured, caused by accident and arising out of the ownership, maintenance, operation or use of [an] uninsured, underinsured or hit and run motor vehicle." N.J. Stat. Ann. § 17:28-1.1(a)(2) (West 2023). "It is . . . clear that UM coverage is available only where an uninsured vehicle is the cause of an accident." Cynthia M. Craig & Daniel Pomeroy, *New Jersey Auto Insurance Law* § 21:3-2 (2024); *see also Samuel v. Doe*, 707 A.2d 204, 206 (N.J. Super. Ct. App. Div. 1998), *aff'd as modified*, 727 A.2d 1016 (N.J. 1999) (plaintiff not entitled to UM benefits when injured

by an insured vehicle). Here, the only element of a valid UM claim disputed by Defendant is whether Mr. Sutter's vehicle was uninsured at the time of the accident. (Def.'s Brief at 10–11).

Next, we look at the Complaint's allegations and weed out the conclusory statements from the actual, well-pleaded facts. In her Amended Complaint, Plaintiff makes the following two assertions:

- "Upon information and belief, the aforesaid tortfeasor's automobile insurance carrier may assert that, at the time of the motor vehicle collision set forth above, the aforesaid defendant's vehicle was not covered by any policy of insurance issued by said carrier." (Am. Compl. ¶ 25)
- "If it is found that the averment set forth in the immediately preceding paragraph of Plaintiff's Complaint is true, then Plaintiff asserts an Uninsured Motorist Claim against Defendant. (*Id*. ¶ 26).

Plaintiff curiously poses the uninsured status of Mr. Sutter's vehicle as a hypothetical and only asserts a UM claim "if" it turns out to be true that Mr. Sutter's vehicle was uninsured. This is not a well-pleaded factual allegation. Rather, it amounts to speculation as to the existence of a fact— or, in the words of *Santiago*, it is a naked assertion devoid of further factual enhancement. 629 F.3d at 131.

Finally, at the third step, after stripping away the conclusory statements, we do not find enough well-pleaded factual allegations to plausibly give rise to an entitlement for relief against Defendant. Simply put, Plaintiff fails to adequately allege that Mr. Sutter's vehicle was uninsured, which is an element of a valid UM claim. Therefore, Plaintiff fails to state a claim on which relief can be granted. Her UM claim is dismissed.

**B.      Uninsured Motorist Coverage Claim**

In the alternative, Plaintiff brings a claim against Defendant for underinsured motorist (UIM) benefits. Underinsured motorist coverage is defined under New Jersey law to mean "insurance for damages because of bodily injury and property damage resulting from an accident arising out of the ownership, maintenance, operation or use of an underinsured motor vehicle." N.J. Stat. Ann. § 17:28-1.1(e)(1). The code section continues, in relevant part:

> A motor vehicle is underinsured when the sum of the limits of liability under all bodily injury and property damage liability bonds and insurance policies available to a person against whom recovery is sought for bodily injury or property damage is, at the time of the accident, less than the applicable limits for underinsured motorist coverage afforded under the motor vehicle insurance policy held by the person seeking that recovery.

*Id*. The elements of a viable UIM claim therefore include:

> (1) a claimant must be an insured vis-a-vis the policy providing UIM coverage; (2) he must have suffered losses as the result of personal injury or property damage in a motor vehicle accident for which another person or entity is legally responsible and which losses must exceed the liability coverages available to that other person; and (3) the applicable limits of his own UIM coverage must be greater than the limits of liability of all liability bonds and insurance policies available to the tortfeasor against whom recovery is sought.

Cynthia M. Craig & Daniel Pomeroy, *New Jersey Auto Insurance Law* § 27:1 (2024). The statute makes clear that "[a] tortfeasor is not underinsured relative to plaintiff's damages, or relative to the judgment or judgments against him, but rather relative to the limits of the underinsured motorist coverage purchased by or for the person seeking recovery." *French v. New Jersey Sch. Bd. Ass'n Ins. Grp.*, 694 A.2d 1008, 1010–11 (N.J. 1997) (quoting *Tyler v. New Jersey Auto. Full Ins. Underwriting Ass'n*, 550 A.2d 168, 170 (N.J. Super. Ct. App. Div. 1988)).

Next, we again examine the Complaint's allegations and weed out the conclusory statements from the actual, well-pleaded facts. Plaintiff alleges that at the time of the accident, she was covered by an insurance policy that included underinsured motorist coverage. (Am.

7

Compl. ¶ 37). She further alleges that she suffered injuries as the result of an accident where Mr. Sutter was at fault. (*Id*. ¶¶ 31–35). Finally, she asserts "[u]pon information and belief" that "at the time of the aforementioned motor vehicle collision, the aforesaid tortfeasor's motor vehicle insurance policy and/or liability insurance were insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the above set forth motor vehicle collision and/or other damages and expenses related thereto." (*Id*. ¶ 36). The Court finds the first two statements to be well-pleaded factual allegations but the third statement to be a legal conclusion devoid of further factual enhancement. *See Santiago*, 629 F.3d at 131. Plaintiff has not alleged what the liability coverages are under either Mr. Sutter's auto policy or her own, the comparison of which would demonstrate the viability of her UIM claim.[4]

At the third step of the *Santiago* analysis, after stripping away the conclusory statements, we find that Plaintiff's allegations fail to plausibly give rise to an entitlement for relief against Defendant. Without a well-pleaded factual allegation that the applicable limits of Plaintiff's UIM coverage are greater than the policy limits available to Mr. Sutter, Plaintiff cannot make out a UIM claim. But even if the Court accepted Plaintiff's third statement to be a well-pleaded factual allegation, it would still fall short of stating a claim because it alleges that Mr. Sutter is underinsured relative to Plaintiff's *damages*. However, the statute is clear that in order to state a claim, Plaintiff must allege that Mr. Sutter is underinsured relative to the limits of the UIM coverage that she purchased. *See French*, 694 A.2d at 1010–11. Accordingly, Plaintiff's UIM claim must also be dismissed.

---

[4] These liability coverages are either known by Plaintiff (her own policy limits) or knowable (Mr. Sutter's). N.J. Stat. Ann. § 39:6B-1.1 requires an insurer for an alleged tortfeasor to disclose its insured's policy limits within 30 days of receipt of a written request from an attorney. "The disclosure shall indicate the limits of all applicable insurance policies and any applicable umbrella or excess liability insurance policies." *Id*.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**. Plaintiff's Amended Complaint (ECF No. 4-1 at 5–13) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may move for leave to file a second amended complaint that provides a stronger factual basis for her claims within fourteen (14) days of this Opinion's entry.

An appropriate Order follows.


Dated:   January 25, 2024                                                         /s/ Robert B. Kugler
                                                                                                  ROBERT B. KUGLER
                                                                                                  United States District Judge